UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60810-CIV-COHN/SELTZER

ORLANDO HERNANDEZ,

    Plaintiff,

vs.

MOHAWK INDUSTRIES, INC.,
a Delaware Corporation,

    Defendant.
_____/

## ORDER DENYING MOTION TO COMPEL

THIS CAUSE is before the Court on Plaintiff's Motion to Compel Production of Documents Requested for Defendant's Failure to Object Within the Time Required by Federal Rule of Civil Procedure 34(B)(2) (DE 42) and the Court being sufficiently advised, it is hereby ORDERED that the Motion is DENIED for the reasons set forth below.

## BACKGROUND

On May 29, 2008, Plaintiff Orlando Hernandez commenced this action, asserting a single claim under the Florida Whistleblower Act., Fla. Stat. § 448.102(3). Plaintiff alleges that during the course of his employment as a supervisor with Defendant Mohawk Industries, Inc., he was forced to lay off and/or fire an individual based on race. He additionally alleges that photographs of certain employees in compromising positions were taken by another employee. According to Plaintiff, when he complained of these activities Defendant terminated his employment. Defendant has moved for summary judgment, which motion remains pending before the District Judge. The (three-time) extended

discovery period ended on June 5, 2009, and the trial is to begin during the two-week period commencing on August 24, 2009.

## MOTION TO COMPEL

On March 20, 2009, Plaintiff served on Defendant a Third Request for Production of Documents; the Request sought 14 categories of documents.  Pursuant to Federal Rule of Civil Procedure 34(B)(2), "the party to whom the request is directed must respond in writing within 30 days after being served" unless the parties stipulate to a different time or the Court shortens or extends the time for the response.  Fed. R. Civ. P. 34(b)(2).  Under Rule 34, therefore, Defendant's response to Plaintiff's Request for Production was due on or about April 22, 2009.  Defendant, however, did not provide its Response to Plaintiff until June 4, 2009.

According to Defendant's attorney, even though Defendant was not obligated to respond to Plaintiff's untimely discovery request,[1] "in a good faith attempt to cooperate in discovery," he prepared Defendant's Objections and Responses to Plaintiff's Third Request for Production on or before April 22, 2009.  Defendant's attorney, however, inadvertently failed to serve the document on Plaintiff's counsel at that time.  Fagan Decl., ¶ 3.  On June 12, 2009, Plaintiff served Defendant with the instant Motion to Compel Production of Documents; he, however, failed to file the Motion with the Court.  On June 30, 2009, Plaintiff filed an Emergency Motion Regarding Motion to Compel Signed, Dated,

---

[1] See discussion "Timeliness of Plaintiff's Third Request for Production" at 6, *supra*.

2

and Faxed to Opposing Counsel on June 12, 2009 (DE 41).[2]  Plaintiff's counsel stated that he intended to file the Motion electronically on the same date he served it on Defendant, but he failed to do so.  Counsel explained that his failure was an "oversight" and that he "has limited familiarity with the Electronic Filing or CM/ECF procedures."  Emergency Motion at 3 (DE 41).  Plaintiff requested that the Court "accept the Motion to Compel . . . and rule upon this Motion as if [it] were electronically filed as intended."  Id.  The Court granted Plaintiff's Emergency Motion, and due to the fast-approaching trial date, it ordered the parties to file an expedited response and reply.  Order (DE 44).   Defendant has responded to the Motion to Compel (DE 46), and Plaintiff has replied thereto (DE 48).  The Motion, therefore, is ripe for decision.

Because Defendant failed to provide its written Response to Plaintiff's Third Request for Production within 30 days of service of the Request, Plaintiff moves the Court to "order the Defendant to provide responses to the requests to produce without any objections,"  Motion at 9 (DE 42), and presumably to order Defendant to produce the documents to which Defendant has objected.[3]  In support of his Motion, Plaintiff relies on Local Rule 26.1.G.3(a).  Local Rule 26.1.G.3(a) provides that "[w]here an objection is made to any production request under Fed.R.Civ.P. 34, the objection shall state with

---

[2] The Court notes that Plaintiff filed his Emergency Motion electronically even though under the requirements of the CM/ECF system an emergency motion must be filed conventionally.

[3] Nowhere in the body of the Motion has Plaintiff expressly requested that the Court require that Defendant produce documents responsive to the Request for Production.  The Motion, however, is entitled "Motion to Compel Production of Documents . . . ."

3

specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived." S.D. L.R. 26.1.G.3(a).[4]

Defendant responds that the Court should deny Plaintiff's Motion to Compel for the following reasons: (1) the Motion is untimely under Local Rule 26.1.H.1; (2) Plaintiff's Request for Production was untimely under Local Rule 26.1.F.2; (3) Plaintiff's counsel failed to make a good faith effort to resolve the issues raised by the Motion in violation of Local Rule 7.1.A.3. (4) because "the production requests to which Defendant did not agree to produce any documents are patently improper, exceed the bounds of fair discovery and/or request information that is in no way relevant to Plaintiff's Florida Whistleblower Act claim. . . ." Response at 1 (DE 46).

A.    Timeliness of Plaintiff's Motion

Defendant first argues that Plaintiff's Motion to Compel should be denied because it is untimely under Local Rule 26.1.H.1. Local Rule 26.1.H.1 provides:

> All motions related to discovery, including but not limited to motions to compel discovery and motions for protective order, shall be filed within thirty days of the occurrence or grounds for the motion. Failure to file [a] discovery motion within thirty days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.

S.D. Fla. L.R. 26.1.H.1. Plaintiff contends that his "motion to compel is filed upon Defendant's complete failure to respond to Plaintiff's Third Request to Produce within the

---

[4] Although Defendant objected to each of the 14 document requests, it nonetheless responded to 7 of the requests that no responsive document exist, and it produced at least some documents responsive to 3 other requests.

4

time required by F.R.Civ.P. 34." Statement of Compliance with Local Rule 7.1. at ¶ 6 (DE 42). Defendant argues that were that is the basis for Plaintiff's Motion, he was required to have filed it by May 26, 2009 – thirty days from the April 22, 2009 due date[5] for Defendant's response to the Third Request for Production. Yet, Plaintiff did not file the instant Motion until June 30, 2009, after the close of discovery and after Defendant had filed its Motion for Summary Judgment. Even had Plaintiff filed the Motion on June 12, 2009, when he served the Motion on Defendant (as he asserts he had intended to do), the Motion would have still been untimely.

Plaintiff contends that his filing of the Motion to Compel beyond the thirty-day deadline was reasonable. He argues, therefore, that the Court, should not deny the Motion as untimely. Local Rule 26.1.H.1 provides "[f]ailure to file discovery motions within the thirty days, **absent a showing of reasonable cause** for a later filing, **may** constitute a waiver of the relief sought. S.D. Fla. L.R. 26.1.H.1 (emphasis added).

Plaintiff first argues that "the time frame for the thirty (30) days of the occurrence for grounds for the filing of the motion to compel commenced" during a five-week specially set trial in which Plaintiff's counsel, a sole practitioner, participated. The Notice of Special Set Trial (attached to DE 41) states that the trial was to commence on March 26, 2009, and, according to Plaintiff, the trial concluded on April 30, 2009. But under Local Rule 26.1.H.1, Plaintiff had 30 days from the April 22, 2009 due date for Defendant's response to the Request for Production to file the instant motion, that is, until May 26, 2009. Plaintiff has proffered no reason why he could not have filed his Motion to Compel during the 26-

---

[5] The Court notes that May 25, 2009, was the Memorial Day holiday.

day period following the conclusion of his trial. Plaintiff does state that throughout May 2009 Defendant's counsel led him to reasonably believe that Defendant's responses to the Request for Production would be forthcoming. Yet, the waiver of objections to the document production (which according to Plaintiff occurred on the April 22 due date for Defendant's response) – the basis for the instant Motion to Compel – would not have been cured by Defendant providing its response to the Request in May. Accordingly, the Court does not find reasonable cause for Plaintiff's late filing.

B.   <u>Timeliness of Plaintiff's Third Request for Production</u>

Defendant next argues that Plaintiff's Third Request for Production was untimely under Local Rule 26.1.F.2, thus obviating Plaintiff's need to respond to the Request. Local Rule 26.1.F.2 provides:

> Discovery must be completed in accordance with the court-ordered discovery cutoff date. Written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date. Depositions, including any non-party depositions, must be scheduled to occur on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order.

S.D. Fla. L.R. 26.1.F.2. Plaintiff served his Third Request for Production on May 20, 2009 – just 7 days before the then May 27, 2009 discovery deadline and well after the April 22, 2009 date Defendant would have otherwise been required to respond to the discovery request. Defendant, therefore, argues that not only was Plaintiff's Third Request for Production untimely, but under the Local Rule 26.1.F.2, it was not required to respond

thereto.

Plaintiff replies that he only learned that Defendant had not produced some documents when he deposed three witnesses on May 20, 2009; he filed his discovery request on that same date. According to Plaintiff, if the Court were to apply Local Rule 26.1.F.2, any information learned at a deposition within 30 days of the end of the discovery period would make any motion to obtain that information untimely and the information would be undiscoverable. Nonetheless, under Local Rule 26.1.F.2, Defendant was not required to respond to the Third Request for Production. It follows that if Defendant was not required to respond, it cannot be deemed to have waived its objections based on its failure to timely respond, as Plaintiff contends. Moreover, the Court disagrees that under the circumstance described by Plaintiff, such information would not ever be discoverable. To ensure that a Request for Production based on information learned at a deposition is timely, a party can schedule its depositions more than 30 days before the discovery deadline. And if that is not possible, the party can move the court to extend the time to serve its Request.

C.     Plaintiff's Efforts to Resolve the Issues

Defendant additionally argues that Plaintiff's counsel failed to confer with Defendant's counsel about the issue raised in the instant Motion to Compel before he attempted to serve and file the Motion, as required by Local Rule 7.1.A.3. Local Rule 7.1.A.3. provides in pertinent part:

> Prior to filing any motion in a civil case . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-

> parties who may be affected by the relief sought in the motion in **a good faith effort to resolve by agreement <u>the issues to be raised in the motion</u>**. . . . At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (a) that counsel for the movant **has conferred with all parties** or non-parties who may be affected by the relief sought in the motion **in a good faith effort <u>to resolve the issues raised in the motion</u>** and has been unable to do so; or (b) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement, but has been unable to do so. . . . **Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion** and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee. . . .

S.D. Fla. L.R 7.1.A.3 (emphasis added). The record reflects communications between counsel regarding Defendant's responses to Plaintiff's Third Request for Production on several dates before Plaintiff filed the instant Motion – a telephone conversation on May 28, 2009, and a series of e-mails exchanged during June 2009. As shown below, Plaintiff did not ever discuss the issue raised by the instant Motion – waiver of Defendant's objections – before filing the Motion.[6]

In his "Statement of Compliance with Local Rule 7.1.[A].3," Plaintiff's counsel states that during a May 28, 2009 telephone conversation, he and Defendant's counsel discussed

---

[6] The Court notes that this is not the first time that Plaintiff's counsel has failed to comply with Local Rule 7.1.A.3. The undersigned previously denied without prejudice Plaintiff's Motion to Compel Better Answers to Interrogatories because Plaintiff's counsel failed to confer with opposing counsel before filing the Motion. See January 12, 2009 Order (DE 28). More recently, the District Court denied Plaintiff's Motion for Extension of Time to Respond to Motion for Summary Judgment for, *inter alia*, failure to comply with Local Rule 7.1.A.3. See July 20, 2009 Order (DE 53).

8

"possible settlement negotiations, mediation dates, and the outstanding discovery still owed to the Plaintiff." Statement of Compliance, ¶ 3 (DE 41, at 6). According to Plaintiff's counsel, during that conversation Defendant's counsel indicated that certain of Plaintiff's requests were objectionable and inquired about "Plaintiff's intentions behind certain requests." Id. Defendant's counsel agrees that he and Plaintiff's counsel had a telephone conversation on that date regarding the possibility of settlement and the logistics of scheduling mediation. According to Defendant's counsel, Plaintiff's counsel also mentioned for the first time that he had not yet received Defendant's response to Plaintiff's Third Request for Production of Documents. Fagan Decl., ¶ 5 (DE 46-2). Defendant's counsel avers that until that May 28 conversation, he was unaware that Plaintiff had not received Defendant's response. Id. Defendant's counsel explained his oversight and informed Plaintiff's counsel that he would forward Defendant's response to the discovery request the following week as he was leaving that day for a family vacation. Id. Defendant's counsel states that during that conversation, he informed Plaintiff's counsel that Defendant was objecting to numerous discovery requests because it was not clear what documents or information Plaintiff was seeking.[7] Id., ¶ 6 (DE 46-2). Defendant's counsel also represents that he informed Plaintiff's counsel that if he would identify the documents he was seeking, Defendant's counsel "would work with him" to produce the documents. Id. According to Defendant's counsel, the only documents Plaintiff's counsel identified during their conversation (or ever) were two photographs Plaintiff believed were

---

[7] For example, Defendant's counsel informed Plaintiff's counsel that he was objecting to the request that sought "exact copies" of the hard drives of every computer owned by the Defendant company. Fagan Decl., ¶ 6 (DE 46-2).

9

stored on Defendant's computers.  Id.  Defendant's counsel informed Plaintiff's counsel that Defendant had already searched the computers and had been unable to locate the photographs.  Id.

On June 4, 2009, Defendant served its Objections and Responses to Plaintiff's Third Request for Production by mail, and Defendant's counsel attempted to e-mail them to Plaintiff's counsel that day.  Fagan Decl., ¶ 7 (DE 46-2); June 4, 2009 e-mail from Glen Fagan to Angelo Marino, Jr., Ex. B to Fagan Decl.  Later that day, Plaintiff's counsel e-mailed Defendant's counsel advising that the Objections and Responses were not attached to Defendant's counsel's earlier e-mail and asking that he send them again.  Fagan Decl., ¶ 7 (DE 46-2); June 4, 2009 e-mail from Angelo Marino, Jr. to Glen Fagan, Ex. B to Fagan Decl.  On June 5, 2009, Defendant's counsel resent the Objections and Responses and indicated that copies of the additional documents that Defendants had agreed to produce were being sent.  June 5, 2009 e-mail from Glen Fagan to Angelo Marino, Jr., Ex. B to Fagan Decl (DE 46-2).  The following day, Plaintiff's counsel informed Defendant's counsel by e-mail that "[y]our objections to the discovery is going to make it very difficult to settle the case. Client feels your client is hiding the evidence."  June 6, 2009 e-mail from Angelo Marino, Jr. to Glen Fagan, Ex. C to Fagan Decl. (DE 46-2).

At 10:21 a.m. on June 12, 2009, an assistant to Plaintiff's counsel sent an e-mail informing Defendants' counsel that they had not received the additional documents that Defendants had agreed to produce.  The assistant stated that the failure to receive the documents had prejudiced Plaintiff in participating in the mediation conference set for June 15, 2009, and in preparing the case for trial, and, therefore, Plaintiff was prepared to file

10

a motion to compel. June 12 e-mail from Bill to Glen Fagan, Ex. D. to Fagan Decl. (DE 46-2). Twenty minutes later, at 10:41 a.m., Defendant's counsel sent an e-mail to Plaintiff's counsel's indicating that Plaintiff should have already received the documents by mail; he also attached the documents to the e-mail so that Plaintiff's counsel would have them before the mediation conference. June 12, 2009 e-mail from Glen Fagan to Bill, Ex. D. to Fagan Decl. (DE 46-2).

At 4:41 p.m. on that same day (Friday, June 12, 2009) – 6 hours after receiving the documents from Defendant – Plaintiff's counsel's assistant faxed to Defendant's counsel the instant Motion to Compel.[8] June 12, 2009 e-mail from Bill to Glen Fagan, Ex. E to Fagan Decl. (DE 46-2). According to Defendant's counsel, he had already left the office when the fax arrived. He did not learn of Plaintiff's Motion to Compel until the following Monday, June 15, 2009, during the mediation conference when he received an e-mail from his office notifying of receipt of the Motion. Defendant's counsel was not able to review the Motion until he returned to his office the next day. Fagan Decl.,¶ 10 (DE 46-2). Defendant's counsel avers that at no time during the mediation conference (at which Plaintiff's counsel was present), nor at any other time, did Plaintiff's counsel attempt to discuss the issues raised in Plaintiff's Motion to Compel. Id., ¶¶ 11, 12.

In reply, Plaintiff's counsel has submitted a July 9, 2009 letter he sent to Defendant's counsel after Defendant had filed its response to the instant Motion; the letter "outlin[es] Plaintiff's position regarding the efforts to resolve the issues." Reply at 4 (DE

---

[8] As indicated above, Plaintiff's counsel neglected to file the Motion to Compel in the record until June 30, 2009.

11

50).[9]  With respect to Plaintiff's counsel's attempts to resolve the issue raised by the instant Motion – waiver of Defendant's objections based on its failure to timely serve its responses to Plaintiff's Third Request for Production – that letter states:

> When we [counsel for the parties] spoke on [May 28], the only concern you had to the request to produce dealt with the computer information.  You did not even say you were going to object to it then.  Your concern was with the time to complete it and what computer information may be relevant.  At no time did you say you were going to object to anything.  Therefore, I did not find it necessary to raise a waiver argument because your client failed to timely respond.

July 9, 2009 letter attached to Reply (DE 50).[10]  Even though Plaintiff's counsel may have believed he had no reason to discuss the waiver issue during counsel's May 28, 2009 telephone conference, he has proffered no explanation as to why he failed to discuss the issue with Defendant's counsel after May 28 and before June 12, 2009, the date he served the instant Motion to Compel.  Plaintiff's counsel was aware of Defendant's objections at least by June 5, 2009, when he received Defendant's Objections and Response to Plaintiff's Third Request for Production.[11]

---

[9] Plaintiff has also submitted the declaration of his counsel, in which Plaintiff's counsel discusses the reasons he filed the Third Request for Production, identifies the documents he believes Defendant should have produced, and discusses his need for these documents.  Marino Decl., attached to Reply (DE 50).

[10] The Court notes that because this letter was submitted with Plaintiff's Reply, Defendant has not had an opportunity to respond thereto.

[11] Defendant also argues that Plaintiff's Motion should be denied because Plaintiff failed to comply with the requirements of Local Rule 26.1.H.2.  But, the Court finds that Local Rule 26.1.H.2 does not apply here.  Under that Local Rule, a party filing a motion to compel, except those motions "grounded upon complete failure to respond to the discovery sought to be compelled or upon assertion of general or blanket objections to discovery," must for each separate request for production (and other discovery requests)

CONCLUSION

Plaintiff's Motion must be denied for several reasons. Plaintiff failed to file the instant Motion to Compel within the time required by Local Rule 26.1.H.1, and Plaintiff's counsel failed to make a good faith attempt to resolve the waiver issue with opposing counsel before he filed his Motion as required by Local Rule 7.1.A.3. Furthermore,

---

state: "(a) verbatim the specific item to be compelled; (b) the specific objections; (c) the grounds assigned for the objection (if not apparent from the objection); and (d) the reasons assigned as supporting the motion as it relates to that specific item." Local Rule 26.1.H.2 The enumerated information is required "to enable the Court to rule separately on each individual item in the motion." Here, Plaintiff is requesting that all objections be deemed waived; the Court, therefore, is not required to rule on each specific request and the objections thereto.

Defendant additionally argues that even were the Court to find that it has waived its objections, the Court should not require it "to provide responses to patently improper requests that seek information that is in no way relevant to Plaintiff's claim or to requests that far exceed the bounds of proper discovery." Response, at 10 (DE 46). See Wilson v. Kautex, No. 07-60, 2008 WL 162645, at *4 (N.D. Ind. Jan. 14, 2008) ("In fact, even if the Defendants' objections to [the Plaintiff's] interrogatories were waived, the Court could, under Federal Rule of Civil Procedure 26(b)(2)(C), deny a motion to compel despite waiver of a party's discovery objections, if what is sought far exceeds the bounds of discovery."); Fifty-Six Hope Road Music, Ltd. v. Mayah Collections, Inc., No. 2:05-cv-01059-KJD-GWF, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007) ("Even where the court deems the party's discovery objections to have been waived, it has the discretion to decline to compel production where the request far exceeds the bounds of fair discovery."); Carfagno v. Jackson Nat'l Life Ins. Co., No. 5:99CV118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001) (even where a party has waived its objections to written discovery requests, "courts will examine . . . the facial propriety of the discovery requests to determine whether enforcement of the waiver is equitable"); Kolenc v. Bellizzi, No. 95CIV.4494 (LMM KNF), 1999 WL 92604, at *3 (S.D.N.Y. Feb. 22, 1999) ("[W]hen the request far exceeds the bounds of fair discovery, a court retains discretion to decline to compel the production of documents even if a timely objection has not been made.") (citation omitted); Shenker v. Sportelli, 83 F.R.D. 365, 367 (E.D. Pa. 1979) (even where a party has waived its objections, a court should not compel discovery where "the discovery appears to have absolutely no relevance to the subject matter of the suit or is otherwise patently improper"). This Court, however, need not address this issue because it has not found that Defendant waived its objections.

13

Plaintiff failed to file his Third Request for Production of Documents thirty days before the end of the (then) discovery deadline.  The Court appreciates that Plaintiff may have only learned of the existence of certain documents during the depositions that occurred within a week of the discovery deadline.   However, he could then have moved the Court to permit him to file the discovery request late; he failed to do so.  Because of Plaintiff's failure to timely file his Third Request for Production, Defendant was not required to respond thereto.  The Court, therefore, cannot find that Defendant's later voluntary filing of a response (in order to cooperate in discovery) resulted in a waiver of Defendant's objections to that discovery.   Moreover, it would be inequitable for the Court to excuse Plaintiff's violations of Local Rules 26.1.H.1, 26.1.F.2, and 7.1.A.3, yet then apply Local Rule 26.1.G.3(a) to deem Defendant's objections waived.

That being said, from a review of Plaintiff's counsel's declaration, it appears that some documents, such as Plaintiff's evaluations, that were requested by Plaintiff's Third Request for Production should have been produced by Defendant in response to previous discovery requests.  Accordingly, within 10 days of the date of this Order, Defendant shall, pursuant to Federal Rule of Civil Procedure 26(e), supplement its prior responses, if necessary, and produce any documents that should have earlier been produced. Additionally, in his Declaration, Defendant's counsel stated that he had expressed to Plaintiff's counsel  a willingness to work with him in producing documents if Plaintiff would clarify the documents he was seeking.  The Court, therefore, **strongly** urges that counsel for both parties confer and make a good effort to resolve the remaining discovery disputes

relating to Plaintiff's Third Request for Production of Documents.

  DONE AND ORDERED in Fort Lauderdale, Florida, this 23rd day of July 2009.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record